IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN HEATH COLLINS,

    Petitioner,

    v.

DONALD HUDSON, WARDEN,
USP-LEAVENWORTH,

    Respondent.

Case No. 22-3072-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner commenced this action in April 2022, while he was confined in the Camp at the United States Penitentiary, Leavenworth, Kansas (USPL). On April 28, 2022, he was transferred to a Residential Re-entry Center (RRC). Petitioner contends that the Bureau of Prisons (BOP) violated the First Step Act by its refusal to release him immediately to supervised release.

### Background

Petitioner is in federal custody under a sentence of 168 months with four years of supervised release. His projected release date is August 25, 2022. He was housed at the USPL when the BOP implemented the First Step Act's time credits. Due to that circumstance, petitioner was within the category of inmates that the BOP required to complete a minimum of 120 days in the Community Treatment Services (CTS) component of the Residential Drug Abuse Treatment Program (RDAP). Petitioner's placement in the RRC began the CTS component.

The BOP has a four-tiered administrative remedy procedure that allows prisoners in federal custody to present grievances concerning aspects of their confinement. The procedure is codified at 28 C.F.R. Part 542.

Under this procedure, the prisoner first seeks an informal resolution of the grievance with facility staff. If that effort is unsuccessful, the prisoner next presents a formal grievance to the facility warden. If that response is not satisfactory, the prisoner next may appeal to the BOP Regional Director. Finally, if that response is not satisfactory, the prisoner may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. Generally, a prisoner has not exhausted the procedure until he has pursued relief at all levels and has received a final response at each stage. (Doc. 3, Attach. 1, Ex. B, Program Statement 1330.18, *Administrative Remedy Program*.)

The BOP maintains a national database, SENTRY, of the complaints filed under its administrative remedy procedure. The database began in 1990 and has not been purged. A search of SENTRY reflects that petitioner filed an administrative grievance in 2017 at FCI-El Reno, but there is no record of a grievance concerning his present complaint regarding the First Step Act. (Doc. 3, Attach. 1, Degenhardt Decl. at par. 10-11, and Ex. C.)

## Discussion

It is settled in the Tenth Circuit that a prisoner seeking relief under § 2241 must first use available administrative remedies. "To pursue a § 2241 petition, a prisoner must demonstrate he has exhausted all administrative remedies. And before filing a petition, the prisoner must first attempt to resolve his concern informally, followed by administrative grievances at the institutional, regional, and national levels of the Bureau of Prisons (BOP)." *Payne v. Maye*, 525 F. App'x 854, 855 (10th Cir. 2013) (citation omitted). The exhaustion requirement provides the

BOP with "an opportunity to correct its own mistakes ... before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted).

Petitioner does not argue that he sought relief through administrative remedies. In the portions of the form petition that address administrative remedies, he repeatedly wrote "NOT APPLICABLE". (Doc. 1, pp. 2-3 and 6.) Nor did he file a traverse to reply to respondent's argument.

In extraordinary circumstances, a court may excuse the failure to exhaust administrative remedies where the petitioner shows it is futile. *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010)(citations omitted). But petitioner does not argue that he is entitled to an exception.

## Conclusion

The court has considered the record and concludes this matter must be dismissed due to petitioner's failure to exhaust available administrative remedies.

THE COURT THEREFORE ORDERS that the petition for habeas corpus is dismissed and relief is denied.

IT IS SO ORDERED.

Dated: June 29, 2022                    /s/  John W. Lungstrum
                                        JOHN W. LUNGSTRUM
                                        UNITED STATES DISTRICT JUDGE